## P. E. SARGENT V. J. M. CARNES.

### No. 3230.

1. **Charge—Testimony.**—See testimony calling for a charge upon the rights of the plaintiff suing for damages for an assault and battery made by defendant upon the plaintiff. The affair was begun in the bar room of a hotel, and the defendant had pursued plaintiff out of the house, the fracas terminating upon the sidewalk. The jury were told in substance that the plaintiff being still in apparent danger had the right to call for police officers, and that for so calling the defendant had no right to remove plaintiff by violence from the sidewalk.

2. **Res Gestæ.**—The petition charges that while plaintiff was in the general sitting room of the defendant's hotel the defendant without provocation unlawfully assaulted plaintiff, inflicting great and serious injuries, etc. The testimony showed such assault in the sitting room and continued upon the sidewalk. *Held*, the transaction on the sidewalk was an emanation of the occurrence in the sitting room, and was relevant to the allegations as res gestæ.

3. **Exemplary Damages.**—See facts sustaining a verdict for exemplary damages.

APPEAL from Tarrant. Tried below before Hon. N. A. STEDMAN. The opinion states the case.

*Bowlin & Bowlin*, for appellant, cited Sayles' Civ. Stats., art. 1317, and notes.

*Ross, Chapman & Ross*, for appellee.

TARLTON, JUDGE, *Section B.*—On June 16, 1888, appellee brought this suit against appellant in the District Court of Tarrant County. Plaintiff sued to recover damages, actual and exemplary, for an assault and battery, alleged to have been committed upon him by appellant in the month of May, 1888. Appellant pleaded a general denial, not guilty, justification, and contributory negligence. A verdict was rendered in favor of appellee for the sum of $125 actual and $125 exemplary damages, and this appeal is prosecuted from the judgment entered accordingly.

Appellant's first assignment of error is as follows: "The court erred in charging the jury, that 'If you believe from the evidence that the defendant committed violence on the person of plaintiff within the house, in such manner as to render him liable for damages under the foregoing instructions, and that defendant pursued plaintiff to the sidewalk, in a manner reasonably indicating a purpose on his part to inflict violence on plaintiff, then plaintiff would have the right to call for police officers to protect himself from the threatened attack, and defendant would not have the right to attempt to remove plaintiff because of such call for officers;' and that the error in the foregoing instructions consists in the fact that there was no evidence that defend-

ant pursued plaintiff out of the house to the sidewalk, as stated in such instructions, and such instructions were calculated to mislead and prejudice the jury against defendant."

After stating facts indicating an unprovoked assault upon him by appellant within the house (a hotel building owned by appellant), appellee testified: "He (appellant) rushed from behind the counter, and coming up behind me forced me out of the door violently, and when I stepped out on the sidewalk I stopped. He said, 'Get away from here; leave here.' I told him I was on the sidewalk of the city of Fort Worth, and I would remain there as long as I choose. He rushed out of the house, forced me off the sidewalk, and in passing the curbstone I caught one of the columns, swung around, and stepped back on the sidewalk on the other side. In the meantime I had been calling for the police several times. Mr. Sargent returned to the sidewalk, seized me with violence, and forced me back over a chair, and I fell, striking my head on the pavement, cutting a big gash."

We think this testimony amply sufficient as a basis for the charge complained of.

Appellant's second assignment of error is as follows: "The court erred in refusing to give the following instruction asked by the defendant, to-wit: 'You are instructed, gentlemen of the jury, that under the pleadings in this case you are to consider the evidence of what occurred between plaintiff and defendant on the sidewalk in front of defendant's hotel for one purpose only, and that is as to the intent of defendant, and to explain what had previously taken place in the sitting room of the hotel, and that you can not find damages for plaintiff for any injury he might have received outside of the hotel;' for the reason, that it is alleged in plaintiff's petition that the assault took place and the damages were inflicted in the sitting room of the hotel."

The allegations in the appellee's petition as to the manner and place of assault were, that "while he (appellee) was at said hotel, and in the general sitting room of said hotel, the defendant, without any provocation or fault on the part of plaintiff, unlawfully assaulted, beat, and bruised plaintiff, inflicting great and severe injuries, and causing plaintiff to suffer," etc. It is hence contended by the appellant, that the right to recover damages should have been restricted to the assault made in the sitting room, as no assault on the sidewalk was pleaded.

The occurrence on the sidewalk was properly admitted in evidence, because it was a part of the transaction which had happened in the sitting room. The incident in front of the sitting room which immediately succeeded that within, characterized, and was characterized by, the latter. Under the doctrine of res gestæ and in contemplation of law, they were the same. The transaction on the sidewalk was an emanation of the occurrence in the sitting room. It was "the automatic and necessary result of the litigated act"—the assault within the

sitting room—and it must be deemed to have been included in the allegations of the petition describing that assault.   1 Whart. on Ev., secs. 259–264.   The charge was properly refused.

Appellant complains, that there was not sufficient evidence to justify a charge by the court upon the question of exemplary damages, and that the verdict was contrary to the manifest weight of the evidence.

The testimony of the appellee shows, that he was causelessly assaulted while a guest at the appellant's hotel, and that after the assault within he was pursued to the sidewalk and subjected to renewed indignity. It is true that this testimony was contradicted.   The jury, however, saw fit to believe the statement of the appellee.   This fully justified the charge on exemplary damages.   We decline to disturb the verdict. It is certainly not without support in the evidence.

The judgment should be affirmed.

*Affirmed.*

Adopted March 25, 1892.