# W. A. Ensign et al., Plffs. in Err., *v.* Hoffield & Geissler.

Instructions to a jury upon a trial of a feigned issue to determine the title to property seized on execution, to the effect that a debtor's inducing a sale of property to him by false and fraudulent representations that he was solvent when he was not was such fraud upon the sellers as allowed them to avoid the sale and reclaim the goods, and to the effect that other creditors of such debtor could acquire no better title to the goods than their debtor had, but that the sellers could recover the goods as against them,—*Held,* correct.

(Decided May 17, 1886.)

Error to the Common Pleas of Erie County to review a judgment for plaintiffs in a feigned issue to try title to property levied on under a fieri facias.    Affirmed.

This was an issue under the sheriff's interpleader act, to try the title to a lot of hides which had been levied upon as the property of Tyler & Scouller, by writs of fieri facias issued at the suit of Ensign & Son. Tyler & Scouller were tanners. Hoffield & Geissler were dealers in raw hides. Tyler & Scouller had purchased from Hoffield & Geissler a carload of hides, which were delivered but not paid for at the time they were levied on by the sheriff. After they had been seized on execution, Hoffield & Geissler gave the sheriff notice that they claimed them; and this issue was framed to try the title. Other parties also presented claims to property, the adjudications upon which were not brought up by this writ of error.

The court below charged the jury, *inter alia,* as follows:

This case is what is called a feigned issue. It is somewhat peculiar in the number of parties interested and in the different interests presented, which peculiarity arises from the nature of the feigned issue.

The rule of practice is such that several parties may come into the same case and present their respective claims; and the verdict of the jury is expected to adjust those interests and determine the question of property that is involved.

W. F. Johnson & Co. and Hoffield & Geissler, and Nathan Wolf are the plaintiffs by the record, each of them claiming the property, hides and leather, that was levied upon by W. A. Ensign & Son and other execution creditors, so that the record presents Johnson & Co. and Hoffield & Geissler and Wolf as plaintiffs, and Ensign & Son as defendants; but the object of this action is to settle the disputed question of property, as to the hides and leather that were levied upon.

The claim of Hoffield & Geissler is similar to that of Wolf. They allege that they sold their property to Tyler & Scouller under misrepresentations as to the financial standing and ability and worth of Tyler & Scouller; that in point of fact a fraud was committed upon them when they sold this property, that they were actually insolvent, and that that insolvency was demonstrated shortly afterwards by their failure and by the issuing of a large number of executions and the levying on this same prop-

erty that they had sold to Tyler & Scouller, which still remained untanned and just as it was received by them from the railroad company.

Now they claim that under these circumstances it is not just that creditors should come in and occupy any better position, as towards them, than Tyler & Scouller would, that is, Hoffield & Geissler and Wolf; that they would have a right, under the circumstances of the obtaining of this property from them, to reclaim it, on the ground that the transaction was null and void, involving, as they claim, a fraud.

The law makes all fraudulent transactions void. A man sells to another, under misrepresentations as to his financial condition, a horse, for instance, and finds it out directly afterwards. The law will allow him to replevy that property and get it back into his possession, upon the ground that the contract was void, being impregnated with fraud.

Now under that general rule you will examine the testimony and see whether Hoffield & Geissler come within that provision of the law, and also as a separate question, Nathan Wolf, whether he has brought himself within any rule that would entitle him, as against Tyler & Scouller, to retain this property.

Taking first the case of Hoffield & Geissler, the principal evidence you have is that of Charles H. Wing, who has detailed to you the conversation that he had with Scouller as to his property, as to his selling his farm and his having the money or the proceeds of it, and also the particulars given to him by Scouller, as well as Tyler, as to the standing of the firm. Tyler was indignant that he should have asked him for a contract by which his firm would be secure, to have the hides paid for or returned, and insisted they were in the best of credit and amply able to pay their debts. This property was delivered on the 5th of February; and at the time these executions were issued it remained there as it had been received from the railroad company; and it is for you to say whether such fraud has been proven here as will vitiate this transaction.

Fraud is not to be presumed; it is to be proven. Take the representations made by Mr. Scouller and Mr. Tyler to Wing and to the principal, one of the members of the firm; were they

misrepresentations? Was there falsehood with the intention of obtaining this property from these men, when they otherwise could not have had it?

You are not to presume fraud. It is to be proven to your satisfaction by the evidence; and if Hoffield & Geissler have satisfied you that this property was obtained upon the fraudulent misrepresentations of Tyler & Scouller or either of them, then the creditors who are asking to hold this property as against Hoffield & Geissler must fail, because they would stand in no better position than Tyler & Scouller.

The case is much stronger, I will say, as to Hoffield & Geissler than as to Wolf. The transactions with Hoffield & Geissler were directly before the delivery of this property, almost contemporaneous with it, and they say that they only trusted them, upon their belief in the truth of these statements made to them by Tyler & Scouller. (Fifth assignment of error.)

It is alleged with considerable force by Hoffield & Geissler, through their attorney, that it would be exceedingly unjust to allow other creditors, who had nothing to do with this transaction and paid nothing for it, to come in and take their property that they had just sold under these alleged misrepresentations made by Tyler & Scouller. That is entirely for you.

You are not to find in their favor without evidence which satisfies you that there were fraudulent misrepresentations, under which they sold the property; and such as would entitle them to reclaim it.

The following points, among others, were presented to and answered by the judge:

Plaintiffs' points:

First. If the jury find from the evidence that Tyler & Scouller procured the sale of the hides to them by falsely representing that they were solvent and able to pay their debts, when in truth such was not the case, it was such a fraud upon Hoffield & Geissler as permits them to avoid the sale and reclaim the goods, and they having elected to reclaim the goods are entitled to recover.

This is affirmed. (Third assignment of error.)

Second. If the jury believe from the evidence that Tyler &

Scouller falsely represented to Hoffield & Geissler that they owned the stock in the tannery, for the purpose of obtaining credit in purchasing the hides in question, and at the time of such purchase said Tyler & Scouller were hopelessly insolvent and unable to pay for the same, such representations and concealment were fraudulent, and the title to the hides never passed out of Hoffield & Geissler, and the verdict must be for them as to the hides claimed.

This is affirmed. (Fourth assignment of error.)

Defendants' points:

First. That under the undisputed evidence in the case, the hides claimed by Hoffield & Geissler were sold and delivered to Tyler & Scouller, and the title to them thereby became vested in said Tyler & Scouller; which title cannot now be devested or reclaimed by said vendors, they having accepted the notes of said vendees for the amount of said sale, and the rights of bona fide creditors having, in the meantime, intervened by the executions and levy of the defendants in this case.

*Answer.* The creditors can have no greater or more rights than Tyler & Scouller. The mere fact of notes having been given and accepted would not prevent the vendors from reclaiming their goods in case of actual fraud, and the rights of the vendors in such case would be paramount to those of creditors.

The point is refused. (First assignment of error.)

Fourth. That fraud can never be presumed, but must always be clearly and satisfactorily proved; and that there is no such evidence in this case as will permit the jury to find that any fraudulent representations were made by Tyler & Scouller to any of the claimants, or from which any fraudulent intent on their part can be inferred which would avoid the sale of the raw hides to Tyler & Scouller.

*Answer.* This is for the jury, under the evidence and under the instructions given in the general charge. (Second assignment of error.)

If you consider that Hoffield & Geissler are entitled to the hides they sold, you will say: "We find for the defendant, except as to the 612 hides claimed by Hoffield & Geissler;" and in case you find also in favor of Wolf, your verdict would be then,.

if you should find for Hoffield & Geissler also: "We find for the defendant, except that we find in favor of the plaintiffs, Hoffield & Geissler, for the 612 hides claimed by them;" and if you find for Wolf also: "In favor of Nathan Wolf for the 404 hides claimed by him." But in case you fail to find in favor of either Hoffield & Geissler or Wolf, your verdict should be generally in favor of the defendants.

If you find that Hoffield & Geissler and Nathan Wolf are not entitled to anything, you find generally for the defendants. If you find that Hoffield & Geissler are entitled to recover and Wolf not, you find for Hoffield & Geissler for the number of hides belonging to them, and if you find in favor of Wolf you add to that, "and also in favor of Wolf," for the number of hides designated there. It is to settle a question of property.

The jury returned a verdict in favor of Hoffield & Geissler; and Ensign & Son took this writ, assigning for error the action of the court indicated.

*J. P. Vincent* and *F. F. Marshall,* for plaintiffs in error.—Although the terms of a sale be cash, a subsequent delivery without payment passes the property to the vendee, not only as against all the rest of mankind, but against the vendor himself. Bowen v. Burk, 13 Pa. 146.

In such a case the only remedy against the vendee is an action on the contract to cover the price. Ibid.

If a vendee obtains possession of goods without complying with the conditions of sale, the vendor should immediately reclaim them; but if he lies by and makes no complaint in a reasonable time, he consents to the absolute transfer of the property. Backentoss v. Speicher, 31 Pa. 324; Bowen v. Burk, 13 Pa. 146.

The intention of the buyer of goods, at the time of purchase, not to pay, together with his insolvency at the time and his knowledge of it not communicated to the seller, will not avoid the sale after the delivery of the property sold. To avoid the sale there must be artifice, intended and fitted to deceive, practised upon the vendor in procuring the property. Smith v.

Smith, 21 Pa. 367, 60 Am. Dec. 51; Redman v. Thalheimer, 75 Pa. 232.

Since the scintilla doctrine has been exploded, both in England and in this country, the preliminary question of law for the courts is, not whether there is literally no evidence or a mere scintilla, but whether there is any that ought reasonably to satisfy the jury that the fact sought to be proved is established. Hyatt v. Johnston, 91 Pa. 196; Battles v. Laudenslager, 84 Pa. 446.

*Theo. A. Lamb,* for defendants in error.—Attaching creditors do not stand on the same footing as bona fide purchasers; the latter are entitled to protection on account of the payment of a present consideration without notice; but the former are seeking to recover an old debt, and the rights of third persons are not affected by the attachment, although the attaching creditors be not affected by notice. Depeyster v. Gould, 3 N. J. Eq. 474, 29 Am. Dec. 723; Buffington v. Gerrish, 15 Mass. 156, 8 Am. Dec. 97; Root v. French, 13 Wend. 570, 28 Am. Dec. 482; Dickerson v. Tillinghast, 4 Paige, 215, 25 Am. Dec. 528.

It makes no difference that a note was given; if the contract was procured by fraud, the vendors had a right to avoid it when the fraud was discovered. Harner v. Fisher, 58 Pa. 453; Buffington v. Gerrish, 15 Mass. 156, 8 Am. Dec. 97.

PER CURIAM:

This was a feigned issue to try the title to certain personal property levied on by the plaintiffs in error, as the property of Tyler & Scouller. We discover no error in the law as declared by the court, and the facts were submitted to the jury in a clear and correct charge.

Judgment affirmed.