McKinney, Hundley & Walker v. First Na-
tional Bank of Chadron et al.

FILED APRIL 11, 1893.    No. 4617.

1. **Sale: Fraud by Purchaser: Rescission: Replevin.** Where
goods are sold upon credit induced by the fraudulent represen-
tations of the vendee as to his solvency, or ability to pay for the
goods bought, the vendor may rescind the sale upon the discov-
ery of the fraud and replevin the goods.

2. ——: ——: ——: ——: Pleading. *Held,* That the peti-
tion in the case states a good cause of action in replevin.

Error from the district court of Dawes county.  Tried
below before Kinkaid, J.

*Ledwich & Crow, Bartlett, Crane & Baldrige,* and *Spar-
gur & Fisher,* for plaintiffs in error.

*Albert W. Crites, contra.*

Norval, J.

This was an action brought by plaintiffs in error to re-
cover the possession of certain goods, wares, and merchan-
dise.  The plaintiffs in their amended petition allege :

"First—That the plaintiffs are the owners and are en-
titled to the immediate possession of the following goods
and chattels, to-wit:   *   *   *

"Second—That defendant First National Bank of Chad-
ron, Nebraska, is a banking association duly organized and
incorporated under the laws of the United States, and doing
business at Chadron, Nebraska.  That the defendant the
First National Bank of Chadron, Nebraska, wrongfully de-
tains said goods and chattels from the possession of these
plaintiffs, and has so wrongfully detained the same for the
space of more than five days last past, to plaintiffs' damage
in the sum of $50.

"Third—That on or about the 11th day of March, 1889, the plaintiffs sold and delivered to the defendant Charles F. Yates, pursuant to the order of said Yates, the goods above described, and that said goods were received by the defendant Yates; that at the time said goods were so ordered and received by the defendant Yates the said Charles F. Yates, as a firm and as an individual, was, and had for a long time prior thereto been, insolvent to his, Yates' own knowledge, and the said Yates ordered and received said goods while knowing his insolvency and his inability to pay for the same; that he ordered and received said goods with the intent not to pay therefor, and to cheat and defraud the plaintiffs of the purchase price thereof.

"Fourth—That the said Charles F. Yates concealed from the plaintiffs his insolvency and his inability to pay for said goods, and his intention not to pay for the same, and his intention to cheat and defraud the plaintiffs of the purchase price thereof; and the plaintiffs, relying on the solvency and good faith of said Charles F. Yates, and not knowing his fraudulent intention or of his insolvency, sold said goods and shipped the same as hereinbefore stated.

"Fifth—That on the bringing of this suit the plaintiffs elected to rescind said contract of sale without notice thereof and to bring this suit; that they so elected to rescind the same as soon as they were informed of the fraudulent intention and conduct on the part of said Yates; that by reason of such fraudulent conduct and intent, and said election to rescind said sale, the plaintiffs are the absolute and unqualified owners of said goods and merchandise."

The defendant bank answered by a general denial, and the other defendants, Charles F. Yates and Albert Yates, made no appearance in the case.

A trial was had to a jury, who, under the instructions of the court, returned a verdict in favor of the bank, assessing the damages at $765.50, and judgment was entered upon the verdict.

At the commencement of the trial, and before any testimony was received, the defendant bank objected to the introduction of any evidence in the case for the reason that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the bank, which objection was sustained by the court, and the plaintiffs took an exception. Thereupon counsel for plaintiffs offered certain depositions in evidence for the purpose of proving the allegations of the petition, to which offered testimony the bank objected on the ground that the petition fails to state a cause of action. The objection was sustained and the plaintiffs were not permitted to introduce any testimony and an exception was taken to the said ruling of the court.

But a single question is presented by the record for the consideration of this court, which is, Does the amended petition copied above state a cause of action against the bank? We are all agreed that the petition sets forth sufficient facts. The gist of the action is the unlawful detention of the property sought to be recovered. The petition specifically avers that the plaintiffs are the owners of the goods and entitled to their immediate possession, and that the defendant bank wrongfully detains the possession of the same from the plaintiffs. The value of the property is also stated. No other averments were necessary to constitute a good petition in replevin. (*Haggard v. Wallen,* 6 Neb., 271; *Daniels v. Cole,* 21 Id., 156.)

The petition also sets up the facts relating to plaintiffs' ownership and their right to possession of the property in dispute. It appears from the allegations that the plaintiffs were induced to sell the goods to Yates upon credit by the fraudulent representations of the latter as to his solvency; that Yates purchased them with the intention to defraud the plaintiffs out of the purchase price; that the plaintiffs delivered the goods in good faith in the belief of the purchaser's solvency, and as soon as they learned of his

financial condition they elected to rescind the contract of sale, and brought their action to recover back the goods. We are of the opinion that the petition charges such fraud as to authorize the vendors to rescind the sale. (*Tootle v. First National Bank of Chadron*, 34 Neb., 863.)

It is said in the brief of the defendant that the petition does not contain a single allegation of fact against the bank. While there is no averment in the petition as to how the bank obtained possession of the goods, the general allegations to the effect that plaintiffs were the owners of and entitled to the immediate possession of the property constituting the subject of the action, and that the same was wrongfully detained by the bank, sufficiently negatives its right to retain the goods. If the bank is a good faith purchaser or mortgagee without notice of the fraudulent purpose of Yates, that is a matter of defense to be established by proof upon the trial. A petition substantially like the one in the case at bar was upheld in *Tootle v. First National Bank, supra.*

For the error of the district court in refusing to permit the plaintiffs to introduce evidence to sustain the allegations of the petition the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.