### D. C. JOHNSON v. JOHN STRATTON.

#### No. 186.

**1. Misjoinder—Causes and Parties.**—There is no misjoinder of parties or causes of action in a case where S. sued J. and H., alleging that by reason of the representations of H. that he was solvent and doing a good business, and owed very little on a stock of goods worth $15,000 or $20,000, when in fact he was insolvent, S. had been induced to part with his goods on credit, and in furtherance of the fraudulent design of H., he had afterwards executed a deed of trust on all his property, including that of S., to J.; that a portion of the property specifically described was still in possession of J.; that demand had been made for possession of it, and refused by J.; with prayer against J. for the property held by him or its value, and judgment for the balance due for the goods against H.

**2. Evidence Immaterial.**—The admission of immaterial or irrelevant testimony when there is sufficient legal testimony to support the judgment, is not ground for reversal.

**3. Leading Question.** — Permitting a leading question to be answered is not reversible error, when the fact elicited is shown by other evidence, and no injury is shown to the party complaining.

**4. Rescission of Sale for Fraud.**—When the buyer of goods makes a false representation as to his solvency, knowing such representations to be false, and thereby induces the seller to part with his goods on credit, the transaction is fraudulent, and the seller may rescind the sale and recover the goods from any one holding the same, except a bona fide purchaser for a valuable consideration.

**5. Bona Fide Purchaser.** — A trustee holding property under a chattel mortgage is not a bona fide purchaser for value.

APPEAL from Bexar. Tried below before Hon. W. W. KING.

*W. C. Berry, Upson & Bergstrom,* and *Perry J. Lewis,* for appellant.

1. A cause of action based on the sole liability of one defendant can not be joined with a cause of action based on the sole liability of another defendant. Allyn & Co. v. Willis & Bro., 65 Texas, 65; Construction Co. v. Meddlegge, 75 Texas, 634; Baylies' Code Plead., 119–121.

2. To avoid or disaffirm a contract of sale for fraud, the burden is upon such party to show—

(1) That the representations were made to the plaintiff, or with the direct intent that it should be communicated to him, and that he should act upon it.

(2) It must be false in fact.

(3) It must be false to the knowledge of the vendee, or made by him recklessly; that is to say, without reasonable grounds for believing it to be true, or under circumstances which show he was careless whether it was in fact true or false.

(4) It must be of a material fact.

(5) The plaintiff must have acted upon the faith of it and thereby suffered damage. 1 Benj. on Sales (Corbine's ed.), 555, 595, 606; 2 Rice on Ev., 976, 978.

No brief for appellee reached the Reporter.

FLY, ASSOCIATE JUSTICE.—The appeal in this case is from a judgment rendered against appellant for $2697, in a suit brought by appellee against one Charles E. Hicks and appellant for the conversion of property obtained by Hicks from him by fraud. It is alleged in the petition, that by reason of the representations of Hicks as to his being solvent and doing a good business, and owing very little on a stock of goods worth from $15,000 to $20,000, when he was insolvent and owing more than he could pay on the stock of goods, appellee had been induced to part with his goods on credit; and in furtherance of the fraudulent design of Hicks, he had afterwards executed a deed of trust on all his property, that of appellee being included, to appellant, D. C. Johnson; that a portion of the property, specifically described, was still in Johnson's possession; that demand had been made for possession of it, and it had been refused. There was a prayer for judgment against Johnson for the property held by him, or the value thereof, and judgment for the balance due on the goods against Hicks.

A writ of sequestration was sued out and placed on the goods of appellee held by Johnson, and a writ of attachment placed on other goods of Hicks in the possession of Johnson as trustee.

There was judgment against Johnson and his sureties on his replevy bond for the value of the goods sequestered; also judgment against Johnson for $250, the value of the property converted by him after demand, not included in the sequestration. The attachment lien was foreclosed, subject to a decision in a trial of the right of the property between Johnson and appellee that was pending in the same court at time of rendition of judgment. It was also provided in the judgment that the title to $340 of the sequestered property await the decision in a claim case made by the Parry Manufacturing Company. The notes given by Hicks were cancelled.

D. C. Johnson pleaded a general demurrer, special exception to improper joinder of the two defendants, and misjoinder of cause of action, and general denial. The case was tried by the court.

We draw the following conclusions of fact from the record, to-wit:

1. On November 7, 1890, appellant being deceived and misled by the

false representations of Charles E. Hicks as to his solvency at a time when he was insolvent and knew it, as to his having nearly paid for his stock of goods when he owed large sums on the same, sold to said Hicks a lot of carriages, buggies, and phaetons, amounting in value to $5315.52, and received for them no cash, but four notes of like amounts, due in two, four, six, and eight months.

2. That Hicks had, before and on the day of the sale, represented to appellee that he was engaged in a prosperous business, and making money, and that nearly the whole of his stock of goods, which he then and there pointed out, had been paid for. That the stock of goods referred to was worth from $15,000 to $20,000.

3. That the statements made by Hicks to appellee, and upon which he was induced to part with his property, were false, and Hicks knew they were false when he made them.

4. That at the time Hicks made the false representations herein before set out, a large portion of the goods in his store house, and to which he had referred as being paid for, were goods belonging to Haydock Brothers, and were placed with Hicks on consignment to be sold by him on commission; that on the goods belonging to him, Hicks at the time of the sale had given a mortgage, amounting to $3000, to J. F. Camp, and was indebted in the sum of $500 to Haydock Brothers, to Embree McLain Carriage Company in the sum of $2100, and to L. Frank in about the sum of $500.

5. That the statements made by Hicks were for the purpose of obtaining credit from appellee and defrauding him, and that appellee accepted his statements as true, and relying on them, sold the property to Hicks, not knowing his real financial condition.

6. That about five weeks after making the false representations to appellee and thereby obtaining his property on credit, Hicks executed to D. C. Johnson, appellant, a certain chattel mortgage on all his property, among said property being a large part of the property sold to said Hicks by appellee, to secure certain creditors named therein, which mortgage was filed for registration on December 15, 1890, two days after its execution.

7. That on December 3, 1890, D. C. Johnson, as representative of Haydock Brothers, entered into an agreement with Hicks, called a commission contract, which provided, "That said agreement was to relate back so as to cover all vehicles and parts thereof unsold and now in possession of said defendant Charles E. Hicks, shipped by Haydock Brothers to Hicks under former contract between them of date December 13, 1889, and other contracts, *this last* contract to stand in lieu of all others; and all sum and sums of money due upon former shipments sold by Hicks shall be subject to the terms of this contract." This agreement was filed for record on December 13, the same day that the chattel mortgage was executed.

8. That on December 19, 1890, appellee demanded of appellant, Johnson, the property in his possession that Hicks had obtained from him, and Johnson refused to surrender the property to appellee; and on December 29, 1890, appellant filed this suit against Hicks and appellant, Johnson, and on same day sued out a writ of sequestration against his property in Johnson's possession, which property was taken in possession by the sheriff by virtue of said writ, and was replevied by appellant. That. $340 worth of the property was claimed by Parry Manufacturing Company, who gave bond for trial of right of property.

9. That after demand had been made upon appellant for the property, he converted to his own use $250 worth of the same.

10. That on January 1, 1891, appellee obtained a writ of attachment against Charles E. Hicks, it being alleged in the affidavit for attachment that the balance of appellee's goods not found in possession of Johnson had been converted by Hicks to his own use and benefit, and that by reason thereof Hicks was indebted to appellee in the value of the goods. appropriated, which writ of attachment was levied upon goods belonging to Hicks in possession of Johnson, who gave claim bond for trial of the right of property.

The second, third, fourth, fifth, twelfth, and thirteenth assignments of error all involve the question of a misjoinder of actions and of parties, and for convenience we group them in our discussion of the questions which they raise.

We are of the opinion that there is no misjoinder of actions or persons.

The petition clearly alleges the misrepresentations, the deceptions pro-· duced, and resultant sale, and alleges that Hicks had fraudulently given a chattel mortgage to appellant as trustee, covering the whole of his. property, among the lot being the property sold by appellee to Hicks, and that a portion of that property was still in the possession of appellant.   Of course, under the allegations of the petition, Johnson was not responsible for any of the goods except those that were in his possession at the time that demand was made; but the two actions were inseparable, one naturally growing out of the other.   There was no effort to affirm as to part and disaffirm as to part of the contract, although it has been held that this can be done (Heinze & Co. v. Marx, 4 Texas Civ. App., 599); but it was a suit for a rescission of the sale and a demand for a judgment for any of the goods that were converted and placed beyond the reach of the seller.

In the case of Milliken v. Callahan County, 69 Texas, 206, Judge Willie, rendering the opinion of the Supreme Court, holds, that it is not error to join in the same action claims for property converted and for damages. resulting from a breach of the contract, when the matters are connected with and grow out of the same cause of action and subject matter in dispute; and in such an action it is proper to join all persons who have so participated in the transaction as to render them interested in the deter-

mination of the suit. This is also held in Railway v. Graves, 50 Texas, 181, and in Walcott v. Hendrick, 6 Texas, 407. In the case in 50 Texas, it is said: "Our system of pleading is intended to prevent circuity and multiplicity of actions, and to obviate the technical and artificial boundaries of the common law."

This was a suit to rescind the contract of sale and recover the property obtained by fraud, and Johnson is a necessary party, because he has possession of the property and refuses to surrender it; and he is in no position to object to a moneyed judgment against Hicks for the goods that had been secreted, sold, or otherwise placed beyond the reach of appellee. No injury could possibly have resulted to appellant by the misjoinder, and if not, it does not matter whether it was well taken or not. Thompson v. Griffin, 69 Texas, 140. If he had been sued separately, under the facts he would have been liable for the conversion of the property, and has not placed himself in a position to demand a reversal on a technicality which did not injure him. However, the matters relied on are connected with and grow out of the same transaction and subject matter of dispute, and there is no effort to affirm as to a part and disaffirm as to a part.

In this connection it may be proper to say, that in New Hampshire it has been held, that the fact that a vendor, on his rescission of a sale of goods for the vendee's fraud, brought an action of assumpsit against the vendee for a part of the goods which she had fraudulently sold, does not preclude him from subsequently replevying these goods from the fraudulent purchaser. Sleeper v. Davis, 64 N. H., 59. There was no error in overruling the exceptions.

There is no allegation of fraud on the part of appellant, and it was perhaps error to admit evidence of the declarations of Johnson before and after the sale; but it was immaterial, as the evidence is sufficient without the illegal testimony, and the court clearly was not influenced by it, as in his conclusions of law he bases his judgment not on the declarations of Johnson, but on the false statements of the buyer by which the seller was induced to part with his property. A case will not be reversed on the ground of the admission of immaterial or irrelevant testimony when there is sufficient legal testimony in the record to support the judgment. Pridgen v. Hill, 12 Texas, 374; Patton v. Gregory, 21 Texas, 500; Tucker v. Smith, 68 Texas, 474.

The same rule might be applied to the introduction of the contract made between Haydock Brothers and Hicks on December 3, 1890, which is objected to on the ground that it was irrelevant and immaterial; but we hold that this evidence was properly admitted to show by the acts of Hicks, not only in giving a mortgage, but in making this contract, that he had laid a deliberate scheme to defraud appellant of his property, and being made so shortly after the purchase of the property of appellee tends to show that Hicks knew he was insolvent at that time.

There is no merit in the ninth assignment of error. Appellee was asked the question, " Would you or not have sold these goods to Hicks upon credit unless you believed his representations of his financial business and standing?" and it is objected to, because it was leading, called for a conclusion, and that the letters and telegrams in evidence showed that the plaintiff had already contracted and bound himself to sell and deliver the goods to Hicks before the representations referred to in the question were made. The question was leading, but elicited nothing but what the witness had sworn to before, and what all the facts tended to confirm, and could not have resulted in any injury to appellant. It did not call for a conclusion, but a fact, and if the letters and telegrams contradicted the answer, that goes not to the competency but the weight of the testimony. We know of no rule of evidence preventing a witness from contradicting other evidence in the case, or even himself; and if appellee did this, the injury, if any, was to him and not to appellant.

The tenth and eleventh assignments of error bring in review the judgment, on the ground that it is contrary to law and evidence.

Where the buyer of goods makes a representation as to his financial standing or solvency and ability to pay his debts, knowing such representations to be false, and thereby induces the seller to part with his goods on credit, the transaction is fraudulent, and the seller may rescind the sale and recover the goods from any one holding the same, except a bona fide purchaser for a valuable consideration. Machine Company v. Brown, 82 Texas, 469; Rohrbough v. Leopold, 68 Texas, 254; Reid v. Cowduroy, 44 N. W. Rep., 351; McKinney v. Bank, 54 N. W. Rep., 963; Darby v. Kroell, 8 So. Rep., 384; Edson v. Hudson, 48 N. W. Rep., 347.

Appellant being the trustee in the chattel mortgage, did not occupy the position of a bona fide purchaser for value.

The evidence shows that Hicks was insolvent, and must in reason have known it at the time he made the representations of his financial condition to appellee. The testimony shows that appellee acted upon the false statements of Hicks in making the representations, and by reason thereof parted with his property.

The judgment is affirmed.

*Affirmed.*

Delivered February 14, 1894.

Justice JAMES did not sit in this case.

Motion for rehearing overruled April 12, 1894.

Writ of error refused.