GEORGE N. BEELS v. NORTH NEBRASKA FAIR & DRIVING PARK ASSOCIATION ET AL.

FILED MARCH 17, 1898.   No. 7893.

Corporation: MORTGAGE: ULTRA VIRES.   Where a corporation borrows money and executes a mortgage on its real estate to secure the payment thereof, a third person cannot assail the transaction on the ground of *ultra vires*, or that the corporation exceeded its power.

ERROR from the district court of Madison county. Tried below before ROBINSON, J.   *Affirmed.*

*Beels & Schoregge,* for plaintiff in error.

*Robertson & Wigton, contra.*

NORVAL, J.

This action was instituted in the court below by George N. Beels against Herman Winter and others to quiet in plaintiff the title to certain real estate.   Winter interposed a general demurrer to the amended petition, which was sustained and the action dismissed as to him.   This ruling is presented for review.

The averments of the amended petition, necessary to an understanding of the question involved, may be thus briefly summarized: The North Nebraska Fair & Driving Park Association, a corporation, hereafter called the association, owned the land in controversy, and on August 20, 1890, it executed and delivered a mortgage thereon to C. A. Mast to secure the payment of a loan of $5,000 made the association, which mortgage, on September 20, 1890, was duly filed for record.   A decree was subsequently entered foreclosing said mortgage, and the premises were sold thereon to Herman Winter.   On January 31, 1893, George N. Beels recovered a judgment against the association in the district court for $26.55, upon which execution was issued, and the real estate covered by the mortgage was seized thereunder and sold to said Beels for $75. This sale was duly confirmed, and the sheriff executed and delivered a deed to the purchaser.   Subsequently other judgments were obtained against the association, which have been assigned to Beels.   The articles of incorporation of the association are attached to, and made a part of, the amended petition, from which it appears that the capital stock of the corporation was $10,000, divided into shares of $100 each, and that the highest indebtedness to which the corporation could at any time

subject itself was one-half of the amount of the capital stock actually paid in. The articles neither authorize nor forbid, in express terms, the association to borrow money or mortgage its property. The petition charges that the mortgagee and Martin each had actual knowledge of the powers, duties, and authority of the association. Plaintiff asserts that his title to the property is clouded by reason of the execution, delivery, and recording of said mortgage and the proceedings had to foreclose the same. His grounds for relief are that the association did not possess the power to incur an indebtedness to an amount greater than one-half of its paid up capital stock, nor to borrow money and execute a mortgage to secure its payment. The petition does not aver what amount of capital had been paid in. The entire capital authorized by the articles may have been paid, and if it had, the association was authorized to incur an indebtedness not to exceed $5,000, the amount of the mortgage. It is not alleged that the association owed anything at the time said sum was borrowed and the mortgage was executed. Plaintiff is not in a position to plead the want of capacity or authority of the corporation to make the loan and mortgage in question. He cannot assail the transaction on the ground of *ultra vires*. (*Missouri Valley Land Co. v. Bushnell*, 11 Neb. 192; *Carlow v. Aultman*, 28 Neb. 672; *Watts v. Gantt*, 42 Neb. 869; *Smith v. First Nat. Bank of Chadron*, 45 Neb. 444.) The judgment is

AFFIRMED.