BLOUNT–DECKER LUMBER CO. v. FARMERS' LUMBER CO.  (No. 2116.)

(Court of Civil Appeals of Texas. Texarkana. April 3, 1919.)

1. SALES ⬅➡43(1), 316(1) — MISREPRESENTATIONS—RIGHTS OF SELLER.

A sale procured by fraud or misrepresentation may be avoided by the seller and the property retaken by him as his own.

2. ATTACHMENT ⬅➡286—RIGHTS OF SELLER—CLAIM OF ATTACHING CREDITOR.

Where sale is procured by buyer's fraud or misrepresentation, seller's right to retake goods is superior to the claim of an attaching creditor, where the goods remain with buyer; for the subsequent attaching creditor obtains no better right to the property than the fraudulent buyer.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Action by the Farmers' Lumber Company against the Blount-Decker Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered for defendant.

The appeal is from a proceeding in the trial of right to personal property valued at $833.92, wherein judgment was rendered in favor of the appellee. It appears that the Farmers' Lumber Company, the appellee, brought a suit against H. N. Quinn for debt, and at the time of the suit procured a writ of attachment against certain lumber seized as the property of Quinn. The appellant made claimant's affidavit and bond under the statute, alleging that the purchase of the lumber from it was procured by fraud and misrepresentation on the part of H. N. Quinn. It appears that the appellee obtained judgment against H. N. Quinn for the debt, with foreclosure of attachment lien on the lumber in controversy. At the time of the levy of the attachment on January 7, 1916, the lumber was in the possession of H. N. Quinn, who had received it in November and December, respectively, 1915, from the appellant. The evidence affirmatively establishes, it is concluded, that H. N. Quinn at the time of the purchase of the lumber was insolvent, and that by false statements and misrepresentations he induced the appellant to sell and deliver the lumber to him, and that but for such statements and representations the said seller would not have parted with the possession of the lumber.

Wynne, Wynne & Gilmore, of Wills Point, and Norman, Shook & Gibson, of Rusk, for appellant.

Stanford & Sanders, of Canton, for appellee.

LEVY, J. (after stating the facts as above). [1, 2] A sale procured by fraud or misrepresentation may be avoided by the seller, and the property retaken by him as his own. Morrison v. Adoue, 76 Tex. 255, 13 S. W. 166; Johnson v. Stratton, 6 Tex. Civ. App. 431, 25 S. W. 683; Parlin & Orendorff v. Harrell, 8 Tex. Civ. App. 368, 27 S. W. 1084. And where the goods remain with the purchaser, as here, the right of the seller to retake them is superior to the claim of an attaching cred-

itor; for the subsequent attaching creditor obtains no better right to the property than the fraudulent purchaser. Ensign v. Hoffield (Pa.) 4 Atl. 189; Starch Factory v. Landrum, 57 Iowa, 573, 10 N. W. 900, 42 Am. Rep. 53; Taylor v. Mississippi Mills, 47 Ark. 247, 1 S. W. 283.

The judgment is reversed, and judgment is here rendered in favor of the appellant, with all costs.