**LITTLEFIELD STATE BANK v. MOORE
et al. (No. 2239.)**

(Court of Civil Appeals of Texas. Amarillo.
Jan. 16, 1924.)

1. **Venue ⊂⊃68—Burden of proof on plaintiff
to prove facts in affidavit controverting de-
fendant's plea of privilege.**

The position of a defendant, under Ver-
non's Sayles' Ann. Civ. St. 1914, art. 1903, pro-
viding that a plea of privilege, when filed, shall
be prima facie proof of defendant's right to a
change of venue, is not altered by the filing of a
controverting affidavit by plaintiff; the burden
being on plaintiff to prove that the facts alleged
in his affidavit are true.

2. **Appeal and error ⊂⊃989—Evidence in the
record on appeal inures to benefit of either
party whose cause of action it establishes.**

It is immaterial on appeal by whom evi-
dence which is in the record has been tendered,
it inuring to the benefit of either party whose
cause of action or defense it tends to estab-
lish.

3. **Corporations ⊂⊃503(2)—Venue ⊂⊃8—Stat-
ute held to authorize suit against converter
bank in county where fraud of another de-
fendant occurred.**

Where defendant bank had converted per-
sonal property, belonging to plaintiffs, by levy-
ing an attachment on the same while in the
hands of another defendant, and the bank knew
that such other defendant had acquired the
property fraudulently from plaintiffs, defendants
might be sued in the county where such other
defendant perpetrated the fraud under both
Rev. St. 1911, art. 1830, subd. 24, permitting
suits against a private corporation in any coun-
ty in which the cause of action or part there-
of arose, and also under subdivision 9 of that
article, permitting suits founded on some crime
to be brought in the county where the crime
was committed; the bank being connected with
the whole transaction.

Appeal from Lubbock County Court; P.
F. Brown, Judge.

Action by George H. Moore and others
against the Littlefield State Bank and an-
other. The named defendant's plea of privi-
lege was overruled, and it appeals. Affirmed.

Wilson & Douglas, of Lubbock, for appel-
lant.

Spencer & Randal and Starnes & Howard,
all of Lubbock, for appellees.

RANDOLPH, J. This is an appeal from
an interlocutory judgment of the county court
of Lubbock county, overruling appellant's
plea of privilege to be sued in the county of
its residence—Lamb county.

Plaintiff's petition alleged that L. B. Steig-
er was a transient person, having no place
of residence; that Littlefield State Bank is
a corporation, having its principal place of
business in Littlefield, Lamb county, Tex.;
that plaintiff sold defendant Steiger certain
personal property, setting out the various
items and their prices, aggregating the sum
of $204.55; that same was sold for cash, but
that defendant gave them his check for only
$102.20, drawn on defendant bank, and prom-
ised to pay the balance in a short time; that
such check was by defendant Steiger given
to and accepted by plaintiffs, on the repre-
sentation that he had money in said bank
and that they would not have parted with
the possession of said property but for said
cash payment and said representations that
defendant Steiger had money in said bank,
they believing and relying upon same; that
the check when presented to said bank was
dishonored; that such representations were
false, and that defendant Steiger knew they
were false when he made them, and that such
representations were made by him for the
purpose of defrauding the plaintiffs; that im-
mediately upon discovering that said check
was dishonored and said representations
were false, plaintiffs rescinded said sale and
demanded the return of the goods, but that
said bank had obtained possession of the
goods and refused to give up possession, but,
on the contrary, obtained a bill of sale from
the defendant Steiger, conveying the proper-
ty to it and converted the same to their own
use.

The defendant bank filed its plea of priv-
ilege to be sued in Lamb county, which be-
ing overruled, appeal has been had to this
court.

[1] Article 1903, Vernon's Texas Statutes,
providing the requisites of a plea of privilege
and providing that such plea when filed shall
be prima facie proof of defendant's right to
change of venue, does not, in our opinion, by
the further provision of that article—which
permits the plaintiff to contest defendant's
right to change of venue by the filing of a
controverting affidavit—alter the status of
the parties or alter the position of the de-
fendant. But we think, when the plaintiff
files his contest, it devolves on him, and the
burden remains on him, to show that the
facts alleged in his controverting affidavit
are true. If he fails to do this, defendant's
prima facie right to change of venue remains
unimpaired and, in the event of such failure
of plaintiff, the trial court should sustain the
plea and transfer the cause to the proper
court. Holmes v. Coalson (Tex. Civ. App.)
178 S. W. 635; Carver Bros. v. Merrett (Tex.
Civ. App.) 184 S. W. 744; Hayes v. Penney
(Tex. Civ. App.) 215 S. W. 571.

[2] However, we find in the transcript an
agreed statement of the "evidence offered at
the hearing of said plea of privilege." It is
not stated by whom, plaintiff or defendant
bank, this evidence was tendered in court.
But this is not material, the evidence is in
the record and inures to the benefit of either
party whose cause of action or defense it
tends to establish.

[3] This being true, it devolves on us to

ascertain if the evidence sustains the plaintiff's controverting affidavit.

The evidence discloses that Steiger, when he bought the goods from the plaintiffs and as an inducement for them to part with the possession of the goods, represented to them that he had money to cover the check in defendant bank; that plaintiffs relied on these representations, and but for such representations would not have let Steiger have the goods; that at the time the check was turned down by defendant bank, its officers did not know that it had been given in payment of the goods in controversy; that Steiger being indebted to the bank, it sued out a writ of attachment and had same levied on the property in controversy and on other property. Moore, one of the plaintiffs, testified that he first learned from J. M. Pope, defendant bank's cashier, that the check had been dishonored when he (Pope) came to plaintiff's store a short time after the check was turned down, and that Pope, at that time, told him that they had better come and get their goods. Knowledge on the part of the bank that the check was given for the goods when the attachment was levied was denied by Pope. However, some time after the dishonoring of the check and while Steiger was in jail, the bank secured a bill of sale to the goods, conveying them to itself.

There is no question but that the conversion of the goods occurred in Lamb county, and that the false representations, the giving of the check by Steiger, and the delivery of the goods to Steiger, occurred in Lubbock county.

Appellee claims that as the defendant bank is a private corporation, subdivision 24 of article 1830, Revised Civil Statutes of Texas, applies to this case. This subdivision of said article provides that suits may be commenced against such corporation in any county in which the cause of action, or a part thereof, arose. If this cause of action or "any part thereof" arose within Lubbock county, then the county court of Lubbock county has jurisdiction of this cause.

Is the right asserted by plaintiffs against defendant bank such a cause of action, or any part of such a cause of action, to entitle them to bring defendant bank into court in Lubbock county? We think it is.

The Supreme Court of Texas, in the case of Phillio v. Blythe, 12 Tex. 127, defines cause of action "to consist as well of the right of the plaintiff in the action, as of the injury to such right."

The plaintiffs had been injured by the false representations of the defendant Steiger; they had to establish the falsity of such allegations before they could claim the goods in controversy as their own. These facts must also be established in order to entitle them to recover as against the defendant bank, and the conversion, if knowingly made at the time the bank had knowledge of the falsity of the representations made by defendant Steiger, would, in our opinion, render the action against it a proper action to be joined with the suit against Steiger upon the ground of false representations, and their conversion under the circumstances alleged in the petition clearly presents a matter that shows to arise, in part at least, in Lubbock county and out of the same transaction. Johnson v. Stratton, 6 Tex. Civ. App. 431, 25 S. W. 683; Blount-Decker Lumber Co. v. Farmers' Lumber Co. (Tex. Civ. App.) 211 S. W. 247.

We are of the opinion, also, that the defendant bank is a proper party to this suit, and that suit can be maintained against it in Lubbock county under subdivision 9 of article 1830. The facts stated and proved establish the guilt of Steiger of a crime, and, as the bank is charged with the conversion of the property, it is so connected with the whole transaction as to make it a proper party. Garden Valley Mercantile Co. v. Falkner (Tex. Civ. App.) 189 S. W. 300.

We therefore think the action of the trial court, in overruling defendant's plea of privilege, was correct.

Hence we affirm the judgment of that court.