## GULF, COLORADO & SANTA FE RAILWAY COMPANY v. T. C. PIERCE.

### No. 397.

1. **Practice on Appeal—Assignment of Error.**—Defendant specially excepted to plaintiff's petition, on the ground that it failed to allege that defendant authorized the misconduct of the brakeman (in leaving open a switch, which caused the injury complained of). The proposition under its assignment of error complaining of the action of the court in overruling this exception was, that the petition was defective in failing to aver that the brakeman "had authority by virtue of his employment as brakeman to handle the switch." *Held*, that the proposition is not contained within the terms of the exception.

2. **Pleading—General Demurrer—Negligence.**—A petition alleging, in effect, that the defendant railway company negligently employed an incompetent brakeman, who negligently left open a switch, thereby causing a collision of trains, shows an implied authority on the part of the brakeman to look after the switch, and is good on general demurrer as to such authority.

3. **Evidence—Res Gestæ.**—The declarations of a brakeman as to how he came to leave a switch open, made at the time of an accident resulting therefrom, are admissible in evidence as res gestæ in a suit against the railway company for injuries resulting from such collision.

4. **Charge of Court—Assuming Fact Not Controverted.**—The court in its charge is authorized to assume the existence of an uncontroverted fact.

APPEAL from Denton. Tried below before Hon. D. E. BARRETT.

*Alexander & Clark* and *J. W. Terry*, for appellant.—1. The court erred in admitting the evidence of plaintiff's witness, Frazer; because the declarations and admissions of Miller were not admissible against the defendant as implying any authority on his part to act for defendant, and the evidence was not admissible as res gestæ, for the reasons stated; and furthermore, the alleged declarations were not voluntary, but if made, were involuntary, and drawn from Miller by a question of doubtful import itself. Latham v. Pledger, 11 Texas, 439; 1 Greenl. on Ev., sec. 113; Phillips on Ev., p. 103; Story on Agency, p. 134.

2. It was reversible error on the part of the court to assume as established that Miller, as a brakeman, was by virtue of his employment

as such acting in the line of his duty in attending a switch; and especially is this so where a proper special charge was tendered by defendant submitting the issue to the jury.   Railway v. Cock, 68 Texas, 713; Railway v. Anderson, 17 S. W. Rep., 1039; Railway v. Kirkbride, 79 Texas, 458; Cobb v. Beall, 1 Texas, 342; Railway v. Nixon, 52 Texas, 19.

3. The court erred in refusing the special charges requested by defendant, viz: "9. You are instructed, you must believe from the evidence that it is reasonably certain that plaintiff's health is permanently impaired before you can consider such element of damage, if you find anything for plaintiff under other charges submitted to you. 10. You are instructed, in case you find anything for plaintiff under the accompanying instructions, your verdict should not be based upon the alleged inability of plaintiff to pursue his occupation as conductor, unless you believe such is the reasonably certain result."   Railway v. Mitchell, 75 Texas, 80; Railway v. Gordon, 70 Texas, 80.

*Stuart & Lewis*, for appellee.—1.   Prima facie, when the act done by the servant is one which the master himself might have done, it will be presumed that it was an act within the scope of the servant's authority, and the burden of proving want of authority rests upon the master. Wood on Mast. and Serv., 558; 2 Wood's Ry. Law, sec. 1218.

2. It is perfectly proper and competent to show the manner in which a printed regulation of a railway company is observed and acted upon by its employes.   Gilman v. Railway, 95 Mass., 437.

3. Where a fact is proved, and no issue is made either by the pleading or evidence as to its truth, and the same is not denied, the court may assume in its charge that such fact is proved.   Railway v. Stewart, 57 Texas, 166.

TARLTON, CHIEF JUSTICE.—This appeal is from a judgment awarding a recovery to the appellee against the appellant of the sum of $6000, as damages sustained on account of personal injuries.   It is deemed proper to insert from the appellant's brief the substance of the plaintiff's original petition, as follows:

"That while in the service of the Gulf, Colorado & Santa Fe Railway Company as a passenger conductor, and while in the discharge of his duties as such employe in charge of the north-bound passenger train at Wynnewood, in the Indian Territory, in order to escape from impending danger from a collision, he jumped from the train and sustained injuries which necessitated the amputation of a leg:   Plaintiff alleged that the same was attributable to the negligence of defendant, the Gulf, Colorado & Santa Fe Railway Company, in having in its employ as a freight brakeman, one J. A. Miller; that said J. A. Miller, with gross negligence and carelessness, left open a switch at said Wynnewood, which caused the passenger train on which plaintiff was con-

ductor to leave the main track upon which it was moving, and to run in upon a switch and collide with a freight train standing upon the side track. That plaintiff, just before the collision of the two trains, while in imminent danger, to avoid being killed, jumped from the train and sustained injuries resulting as aforesaid.

"Plaintiff charged that said brakeman, J. A. Miller, was grossly careless, unskillful, and incompetent. That at the time of the collision, and at the time of his employment by defendant, he was wholly unskilled and incompetent to discharge the duties of a brakeman, all of which incompetency, unskillfulness, and negligence of the said Miller was at the time known to defendant, or might have been known by the exercise of reasonable care; that the same was wholly unknown to the plaintiff, who worked in a different department of service from the said Miller, and was not, by his duties, brought into contact with him. That plaintiff was in no way guilty of negligence contributing to his injury.

"Plaintiff charged further, that by reason of his injuries aforesaid he has been rendered a helpless cripple for life; has been made to endure great physical pain and anguish of mind; has been rendered unable to pursue his occupation, namely, that of a railway conductor; that his capacity for earning wages has been greatly decreased; that he is now weak, and his health permanently impaired, whereby he has been damaged in the sum of $30,000."

Defendant addressed to the petition a special exception, "on the ground that the petition did not allege that defendant authorized the alleged misconduct of J. A. Miller." It further replied with a general denial, and a special plea, the precise nature of which it is unnecessary to set out, because the issue thereby raised has been practically eliminated from the record.

The verdict of the jury, amply sustained by the testimony, requires that we find that the plaintiff sustained actual damages in the sum, at least, of $6000; that the injuries inflicted upon him were due to the negligence of the defendant, as alleged in the petition; that the brakeman, J. A. Miller, therein referred to, was on the occasion in question charged with the duty of guarding the switch at Wynnewood, the station mentioned; that he was careless and incompetent in the discharge of his duties; and that the defendant, through its proper employes, had been notified of his incompetency, and had failed to discharge him.

*Opinion.*—Appellant's first assignment of error complains of the action of the court in overruling the special exception above set out. The proposition under this assignment is to the effect, that the petition is defective in failing to contain the essential averment that Miller, as brakeman, "had authority by virtue of his employment as

brakeman to handle the switch." We do not think that this proposition is contained within the terms of the exception, which, as already noted, set out not that the petition failed to allege that the brakeman was authorized to handle a switch, but that it failed to allege that the defendant authorized the misconduct of J. A. Miller. The two propositions are in scope essentially different. It was certainly not necessary, if J. A. Miller was acting in the course of the defendant's business, and was guilty of misconduct in the discharge of his duties, that the petition should allege that the defendant authorized that misconduct. We therefore think that the exception presented was properly overruled, and we decline to consider the soundness of the proposition upon which, as above set out, the defendant seeks to sustain the special exception. On general demurrer, it sufficiently appears, we think, from the allegations of the petition, that the brakeman Miller was authorized to handle the switch.

The negligence of the defendant was in terms founded upon the fact that it had in its employment J. A. Miller as a freight brakeman, and that this freight brakeman, grossly careless and incompetent, left the switch open. The allegations were sufficient to show an implied authority in Miller to look after the switch; otherwise the defendant could not be negligent—a fact assumed to be true on demurrer. Wood's Mast. and Serv., sec. 294, et seq.; Wood's Ry. Law, p. 1218.

We overrule appellant's third and seventeenth assignments of error, complaining of the admission in evidence of certain declarations of Miller as to his act, the ground of the objection being, that they did not purport to be the declarations of the defendant's agent acting within the real or apparent scope of his authority, and that they were not admissible as implying any authority on the part of Miller to act for defendant. We have already indicated that, in our opinion, the petition as assailed sufficiently alleged the authority of Miller to act for the defendant in guarding the switch in question, and that this allegation was amply sustained by the evidence. The declarations referred to were to the effect that at the very time of the injury in the one instance, and at a very brief interval thereafter in another instance, while yet the excitement of the occasion was prevailing, Miller stated to one witness, that he "had opened the switch and gone to sleep;" and crying and in much trouble stated to another, "I must have been asleep;" the latter answer being in reply to the question, "What in the world did you mean, Miller?" (meaning, why had he left the switch open). These declarations were admissible as a part of the res gestæ. They were so closely connected with the main transaction as to throw light upon its character. Railway v. Anderson, 82 Texas, 516; Sargent v. Karnes, 84 Texas, 156. Besides, the latter declaration was merely cumulative of the former, and if its admission, on account of remoteness or for other reason, was erroneous, the former, as contemporaneous

with the main transaction, was clearly competent. We should decline under the facts of this case to reverse on account of the erroneous admission of cumulative testimony.

We think that the court properly admitted the testimony of the witness Conlisk, that "it is the custom for brakemen to open the switches at the direction of the conductor, sometimes the head-man, and sometimes the hind-man. I know that was the way rule number 111 was observed by employes at the date of the accident." This testimony did not modify or vary, in our opinion, the provisions of the rule referred to. It indicates the practical construction placed upon that rule by the defendant company and its employes. These remarks dispose also of the sixteenth and eighteenth assignments of error.

We overrule appellant's sixth and seventh assignments of error, complaining, in effect, that the court in its charge assumed that Miller was acting within the scope of his authority in working at the switch. The court in its charge is authorized to assume the existence of an uncontroverted fact. The testimony begets no controversy of fact upon this question. Railway v. Stewart, 57 Texas, 166.

We think that the negligence of the defendant's employe Miller in leaving open the switch was the proximate cause of the collision and consequent injury to the plaintiff, and thus overrule the appellant's fourteenth assignment of error; so also we fail to find merit in its tenth and eleventh assignments, wherein it complains of the court's refusal to grant its special instructions numbers 9 and 10, on the subject of the effect of the injury inflicted upon the plaintiff's health. The court's general charge on this subject was sufficient. This was as follows:

"9. If you find under the foregoing instructions that plaintiff is entitled to recover, you will find for him such actual damages as the evidence shows he has sustained through the injuries and hurts received by him; that is, a fair compensation for the physical and mental suffering which he has undergone by reason of said injuries, the probable effect, if any, of such injuries upon his future health, and his diminished capacity, if any, for future labor, and to acquire gain therefrom." Railway v. Boehm, 57 Texas, 152.

We affirm the judgment.

*Affirmed.*

Delivered February 14, 1894.

Affirmed on error, 87 Texas, 144.