FIRST NATIONAL BANK OF MEMPHIS v. FIRST NATIONAL BANK OF CLARENDON.

Decided December 31, 1910.

**1.—Parties—Dismissal—Who May Complain.**
     In the absence of a plea for judgment over against a co-defendant, an appellant defendant can not complain of the action of the trial court in dismissing his co-defendant from the suit.

**2.—Banks and Banking—Collections—Payment in Drafts.**
     When such a usage or custom is shown, a collecting bank is justified in accepting the check or draft of the debtor on another bank in payment of a check or draft against him, in the absence of special instructions to the contrary; and by so doing the collecting bank would not be liable for the amount of the collection should the check or draft given by the debtor prove worthless.

**3.—Same—Worthless Check.**
     When a check on a bank, received by another bank for collection, would not have been paid in cash if the cash had been demanded, the acceptance of a check or draft on still another bank in payment of the collection, would not render the collecting bank liable when the check or draft so given proves worthless.

**4.—Trial—Ruling on Exceptions—Harmless Error.**

Error in overruling an exception to a pleading becomes harmless when the court does not submit to the jury the issue raised by the pleading excepted to.

**5.—Banks and Banking—Admissions by Cashier.**

A bank is bound by the admissions of its cashier entrusted with the conduct of the business concerning which the admissions are made.

Appeal from the District Court of Donley County. Tried below before Hon. J. N. Browning.

*Elliott & Bryant* and *Gustavus, Bowman & Jackson,* for appellant.— The court erred in overruling this defendant's general demurrer to plaintiff's petition. Diamond Mill Co. v. Groesbeck National Bank, 29 S. W., 169; National Bank of Commerce v. American Exchange Bank, 52 S. W., 265; Fifth National Bank of Pittsburg v. Ashworth, 2 L. R. A., 491; People's & Drovers' Bank v. Craig, 52 L. R. A., 872. The Clarendon Mercantile Company, the drawer of the checks in question, had on deposit with the Citizens Bank sufficient funds to pay said checks, and when appellee accepted drafts in its favor in payment therefor the legal status of the parties became fixed and it was immaterial whether or not cash would have been paid if demanded. Same authorities. It is the duty of a collecting bank to present items for payment without delay and demand the cash thereon and upon refusal to pay to protest such items, and failure to do so is negligence, making such bank liable to the person or bank forwarding such items for collection. Zane on Banking, p. 302, sec. 180; 5 Cyc., pp. 504 and 509; Diamond Mill Co. v. Groesbeck Nat. Bank, 29 S. W., 169; Loth v. Mothner, 13 S. W., 594 (Ark.); O'Leary v. Abeles, 57 S. W., 791 (Ark.); National Bank of Commerce v. American Exchange Bank, 52 S. W., 265; Fifth National Bank v. Ashworth, 2 L. R. A., 491; People's & Drovers' Bank v. Craig, 52 L. R. A., 872.

*A. T. Cole* and *Madden, Trulove & Kimbrough,* for appellee.—That appellee bank was the agent of appellant. Schumacher v. Trent, 44 S. W., 460. That so long as the relation of principal and agent existed between appellant and appellee, appellee could be charged only for default of duty, or negligence which caused a failure to collect, and not a failure to collect without negligence. Mfg. Nat. Bank v. Cont. Bank, 148 Mass., 558; 12 Am. St. Rep., 598; Smith v. Miller, 43 N. Y., 171; 3 Am. Rep., 690, 692. That if the drafts given appellee were of any value and such value was lost by appellee's negligence, it is liable for the loss, otherwise not. 1 Morse on Banking, p. 479, sec. 247. That in some States the rule that collecting bank can accept only cash, is imperative, while in others it is justified by usage or custom in receiving as payment check or draft drawn by another bank. Fanner's Bank v. Newland, 31 S. W., 38; Jefferson, etc., Bank v. Com. Nat. Bank, 39 S. W., 338; note in 77 Am. St. Rep., 628; 5 Cyc., 506. That it is a reasonable usage for local banks to accept in payment of drafts sent

them for collection, certified checks on one of their own members in good standing. Jeff. Co. St. Bank v. Com. Nat. Bank, 39 S. W., 338. That appellant is bound by any reasonable usage, whether it knew it or not, prevailing among the banks at Clarendon. Howard v. Walker, 21 S. W., 897; 5 Cyc., p. 504. That appellee might accept drafts. Zane on Banking, p. 303, sec. 180. That credit or remittance in advance of the actual proceeds of a check sent for collection, is provisional credit only and may be canceled or recovered. Minn. S. & D. Co. v. M. Bank, 77 Am. St. Rep., 627; Rapp v. National Bank, 136 Pa. St. Rep., 426; Hazlett v. Bank, 132 Pa. St., 118; Bank v. Cummings, 24 Am. St. Rep., 618; Loth v. Mothner, 13 S. W., 594, note 1. That appellee, as agent for appellant and the Mickle-Burger Hardware Co., having remitted to appellant under a mistake of fact as to the validity of the checks and the ability of the Citizens Bank to pay, may recover such remittance. Nat. Bank of Com. v. Am. Ex. Bank, 52 S. W., 268; U. S. v. Barlow, 132 U. S., 271; Canterbury v. Bank, 91 Wis., 53. That whenever a check is deposited and credit therefor is given, the credit may be canceled if the collection should not be accomplished in due course. 1 Morse on Banking, p. 468, sec. 237; Midland Nat. Bank v. Brightwell, 148 Mo., 358.

DUNKLIN, ASSOCIATE JUSTICE.—The First National Bank of Clarendon recovered a judgment against the First National Bank of Memphis, from which the latter bank has appealed. The recovery was for money remitted to the Memphis bank by the plaintiff bank in satisfaction of two checks which the plaintiff bank had undertaken to collect and which had been sent to it for collection by the defendant bank. The checks were drawn by the Clarendon Mercantile Company in favor of the Mickle-Burgher Hardware Company, which the latter company had deposited with the Memphis bank for collection and which were sent by that bank to the plaintiff bank for the same purpose. The checks were drawn on the Citizens Bank of Clarendon and the drawer had money to his credit with the drawee sufficient to pay the checks, but on the day following the presentation of the checks it closed its doors on account of insolvency. The plaintiff bank presented the checks for payment on the same day they were received, which was one day prior to the cessation of business by the Citizens Bank, and accepted in payment therefor drafts upon other banks given by the Citizens Bank, but these drafts proved to be worthless on account of the insolvency of the Citizens Bank who issued them. As soon as plaintiff received those drafts it forwarded to the Memphis bank its own check on the Fort Worth National Bank, its cashier believing at the time that the drafts so accepted would be paid. Before the Memphis bank received the check drawn by the plaintiff bank, its cashier was notified over the telephone of the insolvency of the Citizens Bank of Clarendon and promised to return the same. Relying upon this promise the cashier of the plaintiff bank took no steps to recall its check sent to the Memphis bank, and later the Memphis bank collected the check and, having refused to re-

fund the amount thereof to the plaintiff, this suit was instituted to recover the amount so collected by the Memphis bank.

The Clarendon Mercantile Company, drawer of the check on the Citizens Bank of Clarendon, and the Mickle-Burgher Hardware Company, the drawee, were made parties defendant with the Memphis bank, but their demurrer to plaintiff's petition was sustained and they were dismissed from the suit. Appellant assigns this ruling of the court as error. It had no plea over against its co-defendants who were so dismissed; but it insists that it was acting as the agent only for the Mickle-Burgher Hardware Company to collect the check, and that no liability could be established against it unless the liability of the drawer and drawee of the check was first fixed. The petition charged that appellant had received the money, and the facts already recited were set out in the petition. We think that such allegations were sufficient to show liability on the part of the Memphis bank, and if there was error in sustaining the demurrer urged by its co-defendants, we are unable to perceive how the same could be prejudicial to appellant.

The evidence showed that when the plaintiff bank presented the checks to the Citizens Bank of Clarendon the latter bank had money on hand sufficient to have paid the same in currency. The appellee alleged in its petition a custom among banks to accept payment in drafts of checks received by it for collection, and evidence was introduced establishing that custom, which was well known. As a predicate for a verdict in plaintiff's favor the jury was instructed that they must find that plaintiff exercised due diligence and care in receiving the drafts in payment of the checks which they attempted to collect; that in so doing, plaintiff in good faith believed that the drafts so received by it would be paid; and further, that a demand for cash on the checks would have been refused by the Citizens Bank. The jury were also instructed to return a verdict in favor of the defendant if they believed that the Citizens Bank would have paid cash in satisfaction of the checks, if the same had been demanded.

Appellant insists that in the absence of an instruction from it to the contrary, appellee had no authority to accept payment of the checks in anything but money, and upon this question the authorities seem to be in conflict. In National Bank of Commerce v. American Exchange Bank of St. Louis, 52 S. W., 265, the Supreme Court of Missouri holds that when a bank accepts a worthless check in payment of a draft which it undertakes to collect, it makes the check so accepted its own and its liability is the same as if cash had been received, and that a usage of banks to so collect checks is unreasonable. The opinion in that case is in line with numerous authorities cited therein. On the contrary, it is held in many States that a collecting bank is justified by usage or custom in receiving as payment the check or draft of the debtor drawn on another bank. See 5 Cyc., 506, and decisions there cited. The latter rule seems to us supported by better reasoning and more consistent with equitable principles which should govern in such transactions. It is a matter of common knowledge that the consideration received by a

collecting bank for such services is small, and if a custom or usage has grown up among banks to accept drafts of other banks in lieu of money, authority to collect in accordance with custom and in the exercise of due diligence should be implied, in the absence of some special instruction to the contrary.

An additional reason for the application of this rule in the case at bar is found in the fact that under the charge already quoted the jury necessarily found that the checks which the plaintiff bank undertook to collect would not have been collected in money if money had been demanded, thus showing the worthlessness of the check which the plaintiff was employed to collect.   5 Cyc., 511.

The court did not submit the issue presented in plaintiff's petition of the agreement over the telephone by appellant's cashier to return the check mailed to him by appellee's cashier to cover the amount which appellee supposed would be realized upon the drafts accepted by it from the Citizens Bank.   This is a sufficient answer to the assignment complaining of the action of the court in overruling the exceptions to the allegation of those facts in plaintiff's petition.   Nor was there error in admitting evidence of that agreement.   The testimony shows that the conversation over the phone occurred before the receipt of appellee's check by appellant's cashier and at a time when appellee's cashier could have stopped payment of it if he had so desired and thus prevented appellant from collecting it.   The agreement thus proven was certainly an admission against the interest of appellant by its duly authorized agent entrusted with the conduct of the business then in hand.

W. H. Cook controlled and managed the business of the Citizens Bank, and his testimony that the checks in controversy would not have been paid in cash if cash had been demanded, we think was admissible as against appellant's objection that the same was the expression of an opinion only of the witness, as we know of no other method by which proof of that fact could have been made.

In view of our conclusions noted above, we overrule appellant's assignment complaining of the refusal of a peremptory instruction in its favor, which it requested; and also another instruction, in effect, that it was negligence as a matter of law to accept payment of the checks in controversy in anything except cash.   We are of the opinion, further, that the verdict of the jury is sustained by the evidence.

We have found no error in the record and the judgment is affirmed.

*Affirmed.*