## BROCKMAN et ux. v. J. WEINGARTEN, Inc.

### No. 10549.

Court of Civil Appeals of Texas. Galveston.

Feb. 3, 1938.

Rehearing Denied April 7, 1938.

754

Ernest H. Folk, of Houston, for appellants.

Sewell, Taylor, Morris & Garwood, of Houston, for appellee.

GRAVES, Justice.

This brief general statement, found to be correct, after interpolations as to two details, is taken from the appellants' brief:

"This is a personal injury suit brought by L. E. Brockman and wife, Cora Lee Brockman, against J. Weingarten, Inc., a corporation, for personal injuries sustained by Mrs. Cora Lee Brockman on or about October 25, 1934, when she fell while leaving defendant's grocery store with her arms full of packages which she had just purchased in defendant's grocery store. The pleadings and evidence adduced tended to show:

"That Mrs. Brockman at the time of the accident weighed two hundred and ten pounds and was fifty-two years old; that there was a low step, or offset, parallel to the north wall of defendant's store building and about five feet north of the wall of such store; that such offset passed directly in front of the north door to defendant's store; that the offset was about 1½ to 3 inches high and was in a badly chipped and worn condition; that Mrs. Brockman went out of the north door of defendant's store about dusk on October 25, 1934, with her arms full of bundles and when she got to the offset, missed her footing and fell, seriously injuring her right knee.

"At the conclusion of plaintiff's testimony, on June 9, 1936, defendant's attorney, without offering any testimony whatever in its behalf, made a motion for an instructed verdict, which the trial court granted, over plaintiff's objection and exception, and thereafter, on June 12, 1936, the court entered the judgment in defendant's favor, to the entry of which plaintiffs duly excepted."

Appellants inveigh in this court against the judgment so rendered against them through four propositions, which, with the second two of them so changed as to concrete them to the particular persons and places with which they have to do, and ap-

pending thereto the authorities they cite in support of them, are quoted as follows:

■ "No. 1. It is reversible error for the trial court to direct a verdict for defendant if, disregarding all adverse evidence and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion or inference favorable to plaintiff which might have been drawn from the facts proved, the jury might have found for plaintiff.

■ "No. 2. The trial court has no power to direct a verdict or give a peremptory instruction to find one way or the other, unless there is as a matter of law no evidence or reasonable inference of fact to the contrary." 41 Tex.Jur. pp. 949, 950, § 177, and footnote cited cases.

■ "No. 3. It was reversible error for the trial court to exclude the proffered testimony of the witness, the appellant, Mrs. Brockman, as to how she fell and what caused it, on the ground that such testimony was inconsistent with, or contradictory of, prior testimony of the witness on the same subject, because such inconsistency went merely to the weight of the evidence, not to its competency or admissibility." 17 Tex.Jur. pp. 343, 344, § 111; Pritchard Rice Milling Co. v. Ellis, Tex.Civ.App., 266 S.W. 233; Johnson v. Stratton, 6 Tex.Civ.App. 431, 25 S.W. 683; Saltmount Oil Corp. v. Imperial Crown Royalty Corp., Tex.Civ. App., 98 S.W.2d 418; Straka v. Farmers' Mut. Protective Ass'n, Tex.Civ.App., 79 S. W.2d 883; Texas Employers' Ins. Ass'n v. Herron, Tex.Civ.App., 29 S.W.2d 524; Southern Casualty Co. v. Hernandez, Tex. Civ.App., 297 S.W. 544.

■ "No. 4. Testimony of the occurrence of other accidents at this same place or through the use of this same instrumentality under similar circumstances, was admissible to show that the condition of the place or instrumentality in question was dangerous, and that defendant had actual notice of the dangerous condition." 22 Corpus Juris, Evidence, §§ 540, 543, 548, 549, 555; also pages 751–754, § 840; 17 Tex. Jur., Evidence, §§ 137, 225, 228, 256, 257, 261, 263, 265, and 268; Gulf, C. & S. F. Ry. Co. v. Pierce, 7 Tex.Civ.App. 597, 25 S.W. 1052; Missouri, O. & G. Ry. Co. v. Boring, Tex.Civ.App., 166 S.W. 76; Young v. Seaboard Air Line Ry. Co., 75 S.C. 190, 55 S.E. 225; Thornell v. Missouri State Life Ins. Co., Tex.Com.App., 249 S.W. 203, 205, 208, affirming, Tex.Civ.App., 229 S.W. 653;

National Union Fire Ins. Co. v. Richards, Tex.Civ.App., 290 S.W. 912, 915; Universal Transportation Co. v. Ramos, Tex.Civ.App., 37 S.W.2d 238, 240; Galveston, H. & S. A. Ry. Co. v. Booth, Tex.Civ.App., 209 S.W. 198; First National Bank of Memphis v. First National Bank of Clarendon, 63 Tex. Civ.App. 469, 134 S.W. 831; City of Dallas v. McCullough, Tex.Civ.App., 95 S.W. 1121; District of Columbia v. Armes, 107 U.S. 519, 2 S.Ct. 840, 27 L.Ed. 618.

After careful examination of the record, inclusive of the statement of facts, this court sustains these contentions, regarding each of them as being supported by the cited authorities; it seems clear that issues of fact over whether or not the appellee owed the appellant Mrs. Brockman a duty to have its premises safe for her use as an invitee thereon (she being one of its customers at its store) were raised by the evidence received—to say nothing of the further effect of what might have been added thereto, had her own testimony to the matters with which quoted propositions 3 and 4 had to do, together with that of other witnesses supporting the latter of these, been received.

■■ It would serve no needful purpose to detail the evidence thought to raise such issues of fact, nor to elaborate upon what is held to have been error in the exclusion of tendered testimony upon the two evidentiary questions raised; suffice it to say, in brief, that appellants declared as their cause of action not alone upon the appellee's having maintained an offset in the sidewalk upon which she fell, but that it had also been maintained in a "badly chipped" and worn condition, and that the appellee had been, prior to Mrs. Brockman's accident, fully advised of such condition as well as of its dangerous character, in that it and its officers had been fully aware at the time of their occurrence that several other women had fallen at that same place, presumably at least from the same cause; taking the testimony that was received on this feature, especially as reinforced by that held to have been wrongfully excluded in this connection, material issues of fact were thus raised both by the pleadings and the proof over whether or not the appellee had been actionably negligent toward the appellant as one of its customers; further, it should be noted that Mrs. Brockman testified that she fell directly on the offset at the place she and other witnesses testified was chipped; while she had also first stated on cross-examination that she did not know how or

why she fell—that she just fell—she repeatedly thereafter offered to further testify that prior to her fall she had not known the chipped offset was there, not remembering having ever seen it before, and that it was what had caused her to fall. Clearly these added statements were receivable in order that the jury might weigh them along with her prior statement that she had not known at the time what caused her to fall.

The issue as to whether the appellee had known of the alleged "badly chipped" condition of the sidewalk at the very spot where Mrs. Brockman claimed to have fallen prior to the accident to her was likewise raised both by the pleadings and proof; the appellants charged negligence in that particular respect; Mrs. Brockman directly testified that Mr. Davis, the appellee's store manager, had picked her up at the time of her own accident that she said happened at this chipped place in the sidewalk, and had then said to her: "You are the fifth or sixth lady who has fallen here"; she had elsewhere further sworn that she had felt an irregular surface under her foot when she fell, and that after getting up from the fall she had seen what that irregular matter was —the chipped off surface of the sidewalk; with this sort of a predicate laid for it, the learned trial court was inept in excluding any answer of appellee's president, Mr. Joe Weingarten, to this inquiry: "Did you have reports prior to this injury (to plaintiff) in October, 1934, that other women had fallen over this same offset?"

Without further discussion, pursuant to the conclusions stated, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

PLEASANTS, C. J., absent.

On Motion for Rehearing.

GRAVES, Justice.

It is wholly immaterial in the present case that appellants' propositions 1 and 2, as formerly quoted, were stated in an abstract form, since their real complaint in that behalf was against the trial court's having granted a peremptory instruction against them at the close of their own evidence only—they having duly excepted to that action when granted, having further brought up a formal bill against it, together with assignments further challenging it in their brief; the record thus indisputably show-

ing, as recited in our original opinion, that the motion therefor had been so presented and granted at the close of appellants' evidence and before any had been tendered by the appellee, it amounted to a demurrer to the sufficiency of the appellants' evidence to raise any material issue of fact in the cause; wherefore, if any such issues were raised thereby, the court's ruling was obvious error. Donaldson v. Oak Park Cemetery, Tex.Civ.App., 110 S.W.2d 119; Pilz v. Steinberger, Tex.Civ.App., 113 S.W.2d 573, 576.

That the particular issues of fact pointed out in this court's original opinion were so raised is even plainer to it now, after painstaking re-examination of the record and statement of facts herein, in the light of the appellee's typewritten motion for rehearing of 39 pages, and of appellants' like answer thereto of 23 pages; not only so, but these extended arguments upon, citations to, and quotations from, such records have enabled this court, upon this reconsideration, to authoritatively verify—and to reiterate the correctness of—all its stated findings in the first instance, except as to these two inconsequential details: (1) The citation to Young v. Seaboard Air Line Ry. Co., given as 75 S.W. 190, 55 S.W. 225, should have been 75 S.C. 190, 55 S.E. 225; (2) the statement that Mrs. Brockman testified on cross-examination that she did not know how or why she fell should have been that she so testified on direct-examination.

The repeated assertions of appellee's counsel in his motion for rehearing that this court went out of the record to determine this appeal upon matters and evidence not appearing therein is inept, to say the least of it, as is unmistakably demonstrated by the question and answer citation of the evidence supporting each and all of its criticized findings in the reply to his motion so filed herein by the appellants; it therefore becomes unnecessary to do more here than to advert to such detailed record.

■ Appellee's counsel, in inveighing so earnestly against these findings, appears to have been under the impression that it was still necessary, under the procedural requirements obtaining for the appellants to have brought up separately formal bills of exception to the exclusion and striking out of much of the supporting evidence for our former findings, to entitle them to a review of the trial court's action in that respect; that procedure, however, is now obsolete as a compulsion under R.S. Art. 2237, subd.

2a, as added by Acts 1931, 1st Called Sess., c. 34, § 1, and article 2239, as amended by Acts 1931, 1st Called Sess., c. 34, § 3, Vernon's Ann.Civ.St. art. 2237, subd. 2a and article 2239, which changed requirements were fully met by the appellants in this instance; in other words, the testimony this court based its original findings upon was fully detailed by the witnesses on the stand in question and answer form, with the objections and arguments of counsel thereon, as well as the judge's rulings, followed by the appellee's exceptions in the same way; further, all these proceedings were brought here in a stenographic question and answer statement of facts, which bore the signed approval of appellee's counsel herein, following the overruling below of a motion for new trial that specifically assigned as error the trial court's action in each instance.

Being unconvinced of error in the original disposition of the cause, the motion for rehearing will be refused.

Refused.

PLEASANTS, C. J., absent.