**THOMPSON v. ERISMAN.**

No. 2359.

Court of Civil Appeals of Texas. Waco.

Nov. 13, 1941.

Rehearing Denied Jan. 8, 1942.

Sewell, Taylor, Morris & Connally, of Houston, and F. L. Henderson, of Bryan, for appellant.

Stewart & Barron, of Bryan, and Collins, Williams & Garrison, of Lufkin, for appellee.

RICE, Chief Justice.

This suit was brought in the District Court of Brazos county by Miss Velma J. Erisman against Guy A. Thompson in his capacity as trustee for International-Great Northern Railroad Company, seeking recovery of damages for personal injuries sustained by her. Based on the answers of the jury to special issues, judgment was rendered in favor of plaintiff against defendant for the sum of $12,000, and defendant has appealed.

Plaintiff was injured when the automobile driven by her collided with an automobile traveling in the opposite direction on state highway No. 19, near the village of Arcola. At, and in the vicinity of, the scene of the collision, the above mentioned highway and the right of way of the defendant railroad company lie parallel with and contiguous to each other. Plaintiff contends that the negligence of defendant's employees was the proximate cause of her collision and consequent injuries, because, she says, defendant's employees, while operating one of defendant's freight trains, and while acting within the scope of their employment, shortly prior to the collision, intentionally set fire to the vegetation which defendant had allowed to grow upon its right of way, at a time when a strong wind was blowing in the direction of the highway; that a great volume of smoke and sparks, as well as intense heat, was thereby caused to suddenly and without warning billow up from defendant's right of way and to envelop plaintiff and the driver of the car with which she collided, suddenly blotting out their vision, and placing each of them in a position of peril and emergency; that while the drivers of each of the cars were exercising their best judgment for their own safety in attempting to extricate themselves from the danger, the cars collided.

By its first assignment of error defendant contends that the trial court erred in failing to direct a verdict against plaintiff, because the undisputed evidence showed that plaintiff, on the occasion in question, was guilty of contributory negligence as a matter of law. We overrule this assignment. In our opinion, there was substantial evidence in the record which, if believed by the jury, would warrant it in finding that on the occasion in question the plaintiff, while driving an automobile on a public highway contiguous to defendant's right of way, was suddenly and unexpectedly enveloped in a cloud of smoke, emanating from a fire upon the right of way of the defendant, which totally obscured her vision, thus creating a sudden emergency and placing plaintiff in a position of peril;

that plaintiff, under the circumstances, exercised her best judgment for her own safety as well as that of others upon the highway. 41 T.J. sec. 170, p. 940; Houston Belt & Terminal Co. v. O'Leary, Tex.Civ. App., 136 S.W. 601, writ denied; Brazos Valley Tel. & Tel. Co. v. Wilson, Tex.Civ. App., 187 S.W. 234; Peveto v. Smith, 134 Tex. 308, 133 S.W.2d 572, point page 576; McAfee v. Travis Gas Corporation, Tex. Sup., 153 S.W.2d 442.

■ By its next assignment defendant urges the court erred in failing to direct a verdict against plaintiff, because the alleged negligent acts of defendant could not, as a matter of law, have been the proximate cause of plaintiff's injuries. Under this assignment defendant urges that the smoke from the fire furnished only the condition, and gave rise to the occasion by which the plaintiff's injury was made possible; that the fire and smoke therefrom was not the proximate cause of the injury, but was no more than the occasion on which other causes operated to bring about the collision. We overrule this assignment. The evidence shows, viewing the same from plaintiff's standpoint, as we must, that the defendant's right of way was covered with a rank growth of weeds and grass; that this right of way ran parallel to and abutted on state highway No. 19, which at the time was a popular and heavily traveled highway. In the light of the attendant circumstances, we hold that the jury was justified in concluding that defendant could have reasonably foreseen that if the weeds and grass on its right of way were fired, the smoke emanating therefrom could, and probably would, under the influence of prevailing winds, suddenly blow over and across the highway, blotting out visibility, of motorists thereon, thus placing any motorist whose vision was thus suddenly obscured in a position of peril and under the necessity of acting in a sudden emergency, and that a collision similar to the one in this case might result. We believe that the question of whether the defendant ought to have reasonably foreseen the accident and the resultant injuries was raised by the evidence. Phoenix Refining Co. v. Tips, 125 Tex. 69, 81 S.W.2d 60; Missouri-K.-T. Ry. Co. v. McLain, 133 Tex. 484, 126 S.W.2d 474; Carey v. Pure Distributing Corporation, 133 Tex. 31, 124 S.W.2d 847; 30 T.J. sec. 47, p. 699-700; Galveston, H. & S. A. Ry. Co. v. Bell, 110 Tex. 104, 216 S.W. 390; Houston

B. & T. Ry. Co. v. O'Leary, Tex.Civ.App., 136 S.W. 601; Berry v. Harper, Tex.Civ. App., 111 S.W.2d 795; McAfee v. Travis Gas Corporation, Tex.Sup., 153 S.W.2d 442.

■ By appropriate assignments of error defendant contends that the court should have instructed a verdict in its favor, because it was shown by the undisputed testimony that if any servant of defendant threw balls of fire or other burning substances out of the caboose of the train, or if such servant lighted a cigarette and threw or stuck the match in the grass on the right of way, that such servant was acting beyond the scope of his employment and was not engaged in the furtherance of the affairs or business of the defendant. We overrule these assignments. It is undisputed that on the day of the collision there were on the caboose of defendant's freight train, as it approached and passed the point of collision, three men—the conductor and two brakemen. The conductor and brakemen testified for the defendant that they did not, on the occasion in question or at any other time, set fire to the grass and weeds on the right of way of the defendant by throwing balls of fire thereon, or by any other means; that it was not their duty to burn the grass and weeds from the right of way of the defendant; that if they had set fire to the vegetation on the right of way it would have been in violation of their instructions; that the duty of burning the weeds and grass from defendant's right of way came under another and different department; that for years defendant had used a weed burner for this purpose, and when it was so used two section crews, consisting of fifteen or twenty men each, accompanied it to hold the fire under control. One of these witnesses stated that the rule book and book of instructions that employees were required to read before assuming their duties prohibited members of train crews from burning off the right of way. The Chief Engineer of this section of the road gave testimony to the same effect. Witnesses for plaintiff, apparently disinterested, testified that on different occasions preceding the accident they had seen men on defendant's freight train set fire to the vegetation on the right of way of the defendant. One of the members of the crew testified that he had seen the weed burner on this section of the right of way only once in the period of time between the years 1933 and 1938. Another member of the crew testified that he could

442

not state definitely when, prior to the collision, the vegetation had been burned from defendant's right of way, but that the legs of the members of the train crew on this section of the road were always black from the burning of the vegetation on the right of way. The testimony further showed that the three men on the caboose had been in the employ of defendant for many years prior to the date of the collision, and during all of that time had been on the same run and were still so employed at the date of the trial of this case. The book of rules for railroad men referred to above was not introduced in evidence. There was no testimony from the members of the train crew as to who gave them their instructions with reference to what their duties were, and there was no testimony from any employee of defendant to the effect that he had given such instructions to the members of the crew. The train on which defendant's employees were riding on the day in question was made up of an engine, five cars and caboose. It is to be presumed, we think, that if the members of the crew on the occasion in question did from time to time throw off balls of fire from the train to its right of way, thereby firing the vegetation thereon, or if the same was fired by the crew while the train was stopped, the engineer and fireman would be aware of these actions. Neither the engineer nor the fireman testified. It was admittedly necessary from time to time that the defendant cause the weeds and grass to be cut or burned from its right of way. The men in the caboose of defendant's train on the occasion in question were admittedly the servants of the defendant and were engaged in the operation of its train. We can not say that the record before us shows as a matter of law that the servants of the defendant, on the occasion in question, in respect to each act alleged and testified to have been employed by them in burning the vegetation on the defendant's right of way, were not acting within the scope of their employment. We are of the opinion that there were inferences which could be drawn by the jury from the evidence which would warrant a finding of fact that, in respect to some one or more of the methods alleged in plaintiff's pleading to have been used in firing the vegetation on defendant's right of way, its employees were acting within the scope of their employment. McAfee v. Travis Gas Corporation, Tex.Sup., 153 S.W.2d 442;

41 T.J., sec. 169, p. 940, sec. 170, p. 940; Mills v. Missouri, K. & T. Ry. Co., 94 Tex. 242, 59 S.W. 874, 55 L.R.A. 497; Brockman v. J. Weingarten, Inc., Tex.Civ. App., 115 S.W.2d 753; Id., 134 Tex. 451, 135 S.W.2d 698; Wininger v. Fort Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150; McLaughlin v. Horn-Allen Co., Tex. Civ.App., 76 S.W.2d 226; George v. Reynolds, Tex.Civ.App., 53 S.W.2d 490; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725; Daugherty v. Wiles, Tex.Com.App., 207 S.W. 900; Young v. Blain, Tex.Com. App., 245 S.W. 65.

The court submitted to the jury the following issue, which was answered "Yes": "Do you find from a preponderance of the evidence that the agents, servants and employees of the defendant, on December 6, 1938, set fire to the vegetation growing on the right of way of the defendant at and near the scene of the collision at the time and place in question?"

Defendant assigns as error the action of the trial court in overruling its objections to the submission of the foregoing issue. In substance, these objections were that the disputed issues of fact should be submitted as pleaded by plaintiff; and that the issues as to whether the defendant's employees intentionally set the fire by (1) throwing balls of fire from the train; (2) by sticking a match in the grass; and (3) by throwing a cigarette off the train, should be submitted separately and not commingled in one issue; and because, under the issue as submitted, the jury were allowed to go beyond the pleadings and speculate that the fire was set by fire or sparks from the locomotive. As a part of its objections defendant urged that the manner of submission above suggested by it was peculiarly necessary to defendant in this case in view of the fact that it had introduced evidence that if any of its employees had set the fire, by any of the methods pleaded by plaintiff, that such act or acts on the part of its employees were in direct violation of the instructions under which they were working.

Plaintiff pleaded substantially, in part, that the agents and servants of defendant, while operating said train at a low rate of speed and bringing said train to a stop at frequent intervals, intentionally ignited and set fire to the vegetation growing on its right of way at many different points; that in so doing, the servants of defendant were acting in the due course of

their business and employment, and fired the vegetation for the purpose of ridding the right of way of vegetation; that such vegetation was set afire and ignited at some places by the agents and servants of defendant throwing burning substances from the train, and at other places by debarking from the train and igniting the dry vegetation with matches or other instrumentalities.

One of plaintiff's witnesses testified, in substance, that as defendant's train, on the day in question and prior to plaintiff's accident, proceeded slowly along the track contiguous to the place of the accident, she saw a man on the train throw a ball of fire from the caboose about 150 yards from witness' house, that he threw another ball of fire when he got immediately in front of her house, and that such person thereafter threw another ball of fire; that these balls of fire were approximately six inches in diameter and were handled by the man with something similar to a fire tong.

Another witness for plaintiff testified substantially that shortly prior to the collision between plaintiff's car and the car of Mr. Vaughan she saw a person on the back of the train as it passed her house throw something from the back end of the caboose, and it started a fire on the west side of defendant's track; that she could not tell what he threw, that it was something like a cigarette.

A third witness for plaintiff testified that near the scene of the collision, and shortly prior thereto, he saw a freight train pass and stop; that a man got off the caboose, lit a cigarette, stuck or threw the match down in the grass, causing the grass to burn; that this man then got on the caboose and the train proceeded.

The fourth witness for plaintiff testified that a short time before the collision occurred he passed defendant's freight train, which was then moving slowly; that he saw three men on the rear of the caboose; that as the train moved along, and just after the caboose passed, he saw small fires kindle in the grass on defendant's right of way; that he didn't see anyone on the train doing anything with respect to setting these fires; that there was nothing to indicate that the three men on the caboose were setting the grass on fire; that he saw no person on the railroad right of way doing anything, or anyone on the train throwing anything off the train.

In view of plaintiff's pleadings and the evidence introduced, as shown above, we are of the opinion that defendant was entitled to have the issues so framed as to require a finding of fact by the jury in reference to each of the specific acts of negligence of its agents and servants, which were specifically pleaded by the plaintiff and supported by evidence in respect to the method used in setting fire to the grass on defendant's right of way on the occasion in question. We are further of the opinion that such primary issues should in each case be followed by proper issues requiring a finding by the jury, in respect to each specific act found by it to have been committed by the agents of the defendant, as to whether such act was negligence, was a proximate cause of plaintiff's injuries, and was committed by the agents of defendant while the latter were acting within the scope of their employment.

It can not be determined from the answer of the jury to the issue submitted what specific method or means the jury found the servants of defendant employed in setting fire to the vegetation on its right of way on the occasion in question. Such answer does not constitute, in our opinion, a finding by the jury as to a specific, independent, determinative, controverted issue of fact, but on the contrary leaves open to conjecture the finding or findings of fact actually made by the jury. It was the duty of the court, we think, to have submitted separately, without any commingling, each independent, determinative, controverted issue of fact raised by the pleadings and the evidence, which could constitute a basis for judgment against the defendant. Article 2189, Vernon's Ann.Civ.Statutes; Gulf States Utilities Co. v. Wooldridge, Tex.Civ.App., 90 S.W.2d 325; Panhandle & S. F. Railway Co. v. Miller, Tex.Civ.App., 44 S.W.2d 790; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Hill & Co. v. Fricke, Tex.Civ. App., 135 S.W.2d 582; Theobalt v. Wiemann, Tex.Civ.App., 104 S.W.2d 589.

Plaintiff takes the position that the submission by the court of the foregoing issue was not error, but that if the court disagrees with her and finds the issue was erroneously submitted, this cause should be affirmed because the jury found in her favor on another and independent ground of recovery. This contention is based upon the fact that in answer to spe-

cial issues submitted the jury found, in substance: (1) That the defendant had permitted vegetation to grow to maturity on its right of way at and near the scene of the collision, and at the time thereof; (2) that, at the time of the collision, this vegetation had become easily inflammable; (3) that the presence of such vegetation, in its state of maturity and condition of inflammability, if set afire, created a situation of danger and hazard to motorists traveling along the highway paralleling the defendant's railroad at the time and place of the collision; (4) that the defendant was guilty of negligence in permitting the condition inquired about above to arise and exist; (5) that such negligence was a proximate cause of the collision in question.

We disagree with plaintiff in this contention. We are not willing to subscribe to the doctrine that the defendant could be held liable for plaintiff's damages in this case solely on a finding by the jury that the proximate cause of the collision was the negligence of the defendant in permitting vegetation to grow to a state of maturity on its right of way at and near the scene of the collision and to become easily inflammable, thereby creating a situation of danger and hazard to motorists traveling along the highway paralleling defendant's railroad at the time and place in question. It is the contention of plaintiff that the fact alone that the defendant allowed vegetation to grow to maturity upon its right of way, and to become easily inflammable, contiguous to an abutting and parallel public highway, thereby creating a potentially dangerous situation to motorists traveling on said highway in case such vegetation was set afire, was sufficient, without any other negligent act or omission of the defendant having been found by the jury, to fix liability upon the defendant for plaintiff's damages in the event the jury should find that said acts constituted negligence and a proximate cause of plaintiff's injuries. We know of no decision, and none has been pointed out to us by plaintiff, that imposes upon a railroad company such a duty to a motorist or other traveler upon a contiguous public highway. It occurs to us that there is as much reason to impose this duty upon every person owning property abutting on a public highway as to impose it on a railroad company. In addition to the potentially dangerous situation which was found by the jury to have been created up-

on defendant's right of way at and near the scene of the collision by allowing grass and weeds to grow to maturity thereon and become easily inflammable, it occurs to us that to fix liability on defendant, there would necessarily have to be a further finding by the jury of some negligent act or omission on the part of the defendant's servants or agents, in respect to the setting of the vegetation on fire while acting within the scope of their employment.

In view of the disposition of this cause, it becomes unnecessary to discuss the remaining assignments of error.

Because of the error above mentioned, the judgment of the trial court is reversed and the cause remanded for another trial.